UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Joseph Castagnaro

    v.                                    Civil No. 13-cv-455-JD
                                          Opinion No. 2014 DNH 008

The Bank of New York Mellon


O R D E R

Joseph Castagnaro brought a petition in state court to enjoin the foreclosure sale of his home by Bank of New York Mellon ("BNYM"). The state court enjoined the foreclosure proceeding, and BNYM removed the case to this court. Castagnaro filed an amended complaint. BNYM moves to dismiss the amended complaint, and Castagnaro objects.


Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss on the ground that the plaintiff's complaint fails to state a claim on which relief can be granted. In assessing a complaint for purposes of a motion to dismiss, the court "separate[s] the factual allegations from the conclusory statements in order to analyze whether the former, if taken as true, set forth a plausible, not merely conceivable, case for relief." Juarez v. Select Portfolio Servicing, Inc., 708 F.3d 269, 276 (1st Cir. 2013) (internal quotation marks omitted). "If the facts alleged in [the complaint] allow the court to draw the reasonable inference that the defendants are liable for the

misconduct alleged, the claim has facial plausibility." Id. (internal quotation marks omitted).

With its motion to dismiss, BNYM submitted copies of Castagnaro's note, the mortgage, and two assignments of the mortgage. When the moving party presents matters outside the pleadings to support a motion to dismiss, the court must either exclude those matters or convert the motion to one for summary judgment. Fed. R. Civ. P. 12(d). An exception to Rule 12(d) exists "for documents the authenticity of which [is] not disputed by the parties; for official public records; for documents central to the plaintiffs' claim; or for documents sufficiently referred to in the complaint." Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009) (internal quotation marks omitted). In addition, the court may consider documents that are susceptible to judicial notice. Jorge v. Rumsfeld, 404 F.3d 556, 559 (1st Cir. 2005).

With his objection, Castagnaro also filed the note and the two assignments of the mortgage, as well as a purported copy of a note with a different endorsement, a notice of the foreclosure sale, and a "Purported copy of allonge to promissory note." The documents attached to BNYM's motion to dismiss and Castagnaro's objection are central to Castagnaro's claim against BNYM. Therefore, the additional documents submitted by the parties may be considered without converting the motion to one for summary judgment.

Background[1]

Joseph Castagnaro bought property at 40 Mountain Drive in Gilford, New Hampshire, with a mortgage and a promissory note both dated April 24, 2007.  The mortgage states that Mortgage Electronic Registration Systems, Inc. ("MERS") is the mortgagee as nominee for the lender, Regency Mortgage Corporation ("Regency").

On December 3, 2010, MERS, acting as nominee for Regency, assigned the mortgage to BAC Home Loans Servicing, LP ("BAC"). The assignment was signed by Mark Lamper, who is listed on the assignment as the "Assistant Secretary" of MERS.

On February 18, 2011, BAC, acting as nominee for Regency, assigned the mortgage to BNYM.  Mark Lamper also signed the second assignment, as "Attorney In Fact" for BAC.

With regard to the note, Castagnaro alleges that it "appears to have three endorsements."  Compl. ¶ 13.  He claims that the first endorsement assigns the note from Regency to American Residential Mortgage ("American Residential"), and the second endorsement assigns the note from American Residential to Countrywide Bank, FSB ("Countrywide Bank").[2]  He also alleges that "[t]he third endorsement, which appears on a photocopy of an

---

[1]The background information is taken from the factual allegations in the amended complaint and the documents submitted with the motion to dismiss and with the objection.

[2]The note with the first endorsement was attached as Exhibit D to Castagnaro's objection.  The note with the second endorsement was attached as Exhibit E to the objection.

3

allonge which is not attached to any note, purports to create an assignment in blank from Countrywide Bank, FSB."[3] <u>Id.</u> at ¶ 16. With its motion to dismiss, BNYM attached one copy of the note, which contains the second endorsement and the attached allonge. <u>See</u> Ex. A to Mot. to Dismiss (document no. 13-2).

At some point, Castagnaro stopped making his monthly mortgage payments.[4] On August 9, 2013, Castagnaro received a notice of foreclosure sale from BNYM. The notice was attached to a letter from Lamper.

The foreclosure sale was scheduled for September 16, 2013. Castagnaro obtained an order in state court on September 12, enjoining the foreclosure. BNYM then removed the case to this court, and Castagnaro filed an amended complaint.

## Discussion

In his amended complaint, Castagnaro alleges that BNYM does not have standing to foreclose because it "is not the lawful holder of the note as there are inconsistencies between the assignments of the mortgage and assignments of the original

---

[3]The allonge was attached as Exhibit F to Castagnaro's objection. Although Castagnaro refers to the allonge as containing one endorsement from Countrywide Bank in blank, it appears to have two endorsements. The first appears to be from Countrywide Bank to Countrywide Home Loans, Inc. ("Countrywide Loans"), and the second from Countrywide Loans in blank.

[4]The complaint does not allege when Castagnaro stopped making his payments but states that "he has been unable to pay his mortgage for a considerable period of time . . . ." Compl. ¶ 6.

note." Compl. ¶ 12. Castagnaro asks for "a permanent injunction enjoining [BNYM] from foreclosing on [his] property unless a proper determination of [BNYM's] status as a holder of the note and of its right to foreclose is established." Id. at p.5. BNYM moves to dismiss, arguing that Castagnaro does not have standing to challenge the assignments of the mortgage or the note, that it holds the original note, and that it does not need to prove that it holds the original note in order to foreclose.

A.  Mortgage

Castagnaro alleges that the same individual who executed the assignment of the mortgage from MERS to BAC on behalf of MERS, Lamper, also executed the assignment of the mortgage from BAC to BNYM on behalf of BAC. Castagnaro also alleges that Lamper currently represents BNYM, because Lamper sent him the notice of foreclosure. Castagnaro alleges that Lamper's representation of MERS, BAC, and BNYM "suggest[s] a conflict of interest." Compl. ¶ 24. BNYM argues that Lamper's alleged conflict of interest during the assignments of the mortgage does not give Castagnaro, a mortgagor, standing to assert that the assignments are invalid.

Even if Lamper had a conflict of interest at the time of the assignments, such a conflict does not give Castagnaro standing to challenge the assignments. "New Hampshire law recognizes the general rule that a debtor cannot interpose defects or objections [to an assignment] which merely render the assignment voidable at the election of the assignor or those standing in his shoes. And

it has long been recognized that a conflict of the nature alleged here-i.e., the signatory's employment by both the assignor and assignee-at most makes an assignment voidable by the assignor." Galvin v. EMC Mortg. Corp., 2013 WL 1386614, at *9 (D.N.H. Apr. 4, 2013) (internal quotation marks and citation omitted). Accordingly, Castagnaro does not have standing to challenge the validity of the assignments of the mortgage.

B.   Note

Castagnaro alleges that there are multiple versions of the promissory note, as well as an allonge which may or may not be attached to the note. He alleges, therefore, that if BNYM "cannot produce the original, 'blue inked' mortgage note with an attached allonge endorsed in blank, then it is not a holder and may not foreclose." Compl. ¶ 27. BNYM argues that because it holds the mortgage, it does not need to hold the note in order to foreclose. It further argues that it is in possession of the original note with the attached allonge, and that Castagnaro does not have standing to challenge the assignments of the note.

Cases from this district have recently addressed the argument that a party cannot foreclose on a property unless it holds both the mortgage and the note. For example, in Galvin, the court discussed a series of recent cases from the New Hampshire Superior Court which have "lent credence to [the] argument . . . that a foreclosing entity must acquire ownership of the note before commencing foreclosure proceedings." 2013 WL

1386614, at *7. The court noted, however, that "the intention of the parties to the transaction can override the common law principle that the debt and mortgage are inseparable." Id. at 8 (internal quotation marks and citation omitted). The court concluded that it "must consider the intention of the parties . . . when the original debt and mortgage were formed to determine whether a mortgage is alienable from the associated promissory note." Id. (internal quotation marks and citation omitted); see also Worrall v. Fed. Nat. Mortg. Ass'n, 2013 WL 6095119, at *4 (D.N.H. Nov. 20, 2013).

Here, the language in the mortgage shows that the parties intended that the mortgage would not follow the note. As in Galvin, the "note and mortgage were held by different entities from the very beginning," Galvin, 2013 WL 1386614, at *8,: the note by Regency and the mortgage by MERS as nominee. The mortgage defines MERS as "a separate corporation" from Regency. Mortg. at 1 (document no. 13-3). The mortgage also states that MERS and its successors or assignees have the power to "exercise any or all of [the interests granted by Castagnaro], including, but not limited to, the right to foreclose and sell the property." Id. at 3. Therefore, the holder of the mortgage can foreclose without also holding the note.

Because, as discussed above, BNYM holds the mortgage by assignment, it does not need to show that it holds the note in

order to foreclose.[5]  See Worrall, 2013 WL 6095119, at *4. Accordingly, BNYM's motion to dismiss is granted.

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss the complaint (document no. 7) is granted.  The clerk of court is directed to enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

January 21,  2014

cc:   Thomas J. Pappas, Esq.
      Peter S. Wright, Jr., Esq.

---

[5] Because BNYM does not need to have possession of the note to foreclose, the court does not address BNYM's contentions that Castagnaro does not have standing to challenge the assignments of the note and that it has sufficiently demonstrated that it holds the original note.